JESSE WICKERSHAM, Appellant, v. E. H. WHEDON, Respondent.

*Judgment—Former Recovery.*—Where a party has recovered judgment for the amount of a promissory note with the interest thereon, he is barred from again suing upon the same cause of action on the ground that there was a mistake in assessing the proper amount of interest due.

*Appeal from St. Louis Circuit Court.*

*Voorhis,* for appellant.

I. The note mentioned in the pleadings promises to pay the

sum of fifteen hundred dollars, one year after date, with interest at the rate of ten per cent. per annum. The law of this State is that interest is collectable from the maturity of the principal sum and not from date. (Ayres v. Hayes, 13 Mo. 252, 261.) The suit brought on the note and for interest could therefore include only the principal sum, with interest on that from maturity. The interest from the date to maturity was left an integral sum, separate and independent from the principal and interest under our laws.

The inferior courts interpret the case in 13 Mo. as deciding that interest is collectable only from maturity, upon a note which expresses simply that interest shall be paid, but does not express from what time, whether from date or maturity, and all judgments are granted upon that understanding. That the interest claimed constitutes an independent cause of action cannot be doubted. The law is express. (Dickinson v. Harris, 4 Price, 282; Atwood v. Taylor, 1 Man. & Gran. 306–7; Fake v. Eddy's ex'r, 15 Wend. 76, 80; Stone v. Bennett, 8 Mo. 41, 43.)

The subject of the cause of action is not "*res adjudicata*." It did not in any manner come in question in the action or judgment in the former case. There could not be a judgment directly upon the point of interest from date to maturity in the first action, for the simple reason that under our law the point could not come up on the pleadings.

On the point of " the same matter in issue," see 2 Parsons on Contracts, 234–238; Harvey v. Richards, 2 Gal. 229; Hibshman v. Dulleban, 4 Watts, 191; Wright v. Deklyne, 1 Pet. C. C. R. 202.

By the laws of Iowa, interest on the note ran from date. (Horn v. Nash, Iowa, 1 Clark, 204.)

*R. S. Hart*, for respondent.

I. If the court found that the interest now sued for was not recoverable at law, then the remedy of the plaintiff was by an appeal or a bill of exceptions showing the error of the court below in that respect.

Wickersham v. Whedon.

BATES, Judge, delivered the opinion of the court.

In this case the petition stated that the defendant was indebted to the plaintiff for a balance of interest upon a promissory note which was made by the defendant to the plaintiff in Keokuk, Iowa; that the plaintiff had brought suit on the note against the defendant, and in his petition in that suit had alleged, among other things, that the "defendant is justly indebted to him in the sum of $1,500 with interest at ten per cent. per annum, for which sum of $1,500 with interest at ten per cent. and costs he prays judgment;" that he obtained a judgment on said note for the principal sum, $1,500, with ten per cent. interest per annum on that amount from the maturity of the note, being in all $1,645.84.

The petition further states that by the laws of Iowa he was entitled to interest on the note from its date, and that his attorneys, ignorant of the law of Iowa, brought the suit and recovered only for interest from the maturity of the note, which, with the principal, has been paid by the defendant. The plaintiff now seeks to recover the interest for the period from the date to the maturity of the note.

A demurrer was sustained to the petition and the plaintiff brings the case up by appeal.

The plaintiff's petition in the first suit stated that the defendant was indebted to him for the principal of the note, with interest at ten per cent. per annum," and asked judgment for the same. The language employed plainly included all interest, so that all questions between the parties as to the amount of interest due have been adjudged by the judgment rendered in that case.

Judgment affirmed. Judges Bay and Dryden concur.